# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA CALHOUN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-86 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Caiazza |
| KLINGENSMITH HEALTHCARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

The Defendant's Motion to strike the report of Dr. Jae Yang (Doc. 22) will be granted, as will the Plaintiff's Motion to take Dr. Yang's deposition as a fact witness (Doc. 24), but only to the extent described below.

On November 12, 2007, Dr. Yang transmitted to Plaintiff's counsel a report summarizing his treatment of Ms. Calhoun in the years 2005-2006, and opining that her medical condition(s) "would interfere with her job." *See* Nov. 12th ltr. (filed under Doc. 23-2 at pg. 18 of 20). Defense counsel objects to the physician's offering opinion(s), given the Plaintiff's failure to identify him as an expert or to submit his letter before the July 25, 2007 deadline for expert reports. *See generally* Def.'s Mot. (Doc. 22) at ¶¶ 7-8.[1]

---

[1] In response to an inquiry by chambers, the parties have confirmed that Dr. Yang was not identified in the Plaintiff's initial disclosures as a fact witness or a person with evidence under Federal Rules of Evidence 702, 703 or 705. *See generally* Fed. R. Civ. P. 26(a)(1)(A), 26(a)(2)(A). Rather, he was first identified as a treating physician in the Plaintiff's supplemental interrogatory responses dated July 30, 2007.

In response, the Plaintiff has agreed to the striking of Dr. Yang's report but seeks to depose the physician, out of time, as a fact witness. *See* Pl.'s proposed order (filed under Doc. 27-2) (contemplating grant of Defendant's Motion to strike and allowance of Dr. Yang's deposition as fact witness).

The Defendant does not strenuously object regarding the Plaintiff's failure to identify this treating physician sooner. *See generally* Def.'s Opp'n Br. (Doc. 25). In the spirit of cooperation, counsel has agreed to allow the deposition of Dr. Yang, subject to the provisos that the physician's testimony as a fact witness be narrowly restricted and that his deposition not be permitted to unduly delay this case. *See generally id.* at 2-5.

Given the parties' agreement that Dr. Yang's November 12th report should be stricken, the court will grant the Defendant's Motion. A review of the law, moreover, supports Defense counsel's request that the physician's testimony be narrowly limited.

Having extensively reviewed precedent regarding the role of treating physicians as witnesses, the court thinks it fair to say the cases are all over the map. Some courts have held that treating physicians, by definition, are expert witnesses that must be disclosed under Federal Rule 26(a)(2)(A). *See, e.g.*, Redfoot v. B.F. Ascher & Co., 2007 WL 1593239, *13 (N.D. Cal.

Jun. 1, 2007) ("[t]reating physicians must be identified as expert witnesses pursuant to Rule 26(a)(2)(A)"); Garza v. Roger Henson Trucking, L.L.C., 2006 WL 1134911, *3 (D. Neb. Apr. 26, 2006) (notion that treating physician is not an expert witness "to the extent his testimony relates to his personal observations through interaction with a plaintiff/patient prior to the litigation" has been superceded by year 2000 amendments to Fed. R. Evid. 701 and advisory committee notes, which make clear that "expert testimony includes opinions based on scientific, technical, or other specialized knowledge regardless of whether those opinions were formed during the scope of interaction with a party prior to the litigation") (citations and internal quotations omitted).

Other courts have found treating physicians to be "hybrid" fact/expert witnesses, who must be disclosed under Rule 26(a)(2)(A) but are not required to file expert reports under Rule 26(a)(2)(B) before offering "fact opinions" regarding causation, diagnosis, prognosis, and the extent of a plaintiff's disability, as derived from the doctor's personal observations and treatment. *See, e.g.*, Farris v. Intel Corp., 493 F. Supp.2d 1174, 1179-80 (D. N.M. Mar. 14, 2007) (numerous citations omitted).

Last are the many decisions, including one by Chief Judge Donetta W. Ambrose, holding that treating physicians may testify as fact witnesses regarding things "within their knowledge, as opposed to offering expert" opinion, such as "their treatment, examination, and diagnosis of" the plaintiff. *See, e.g.*, Frederick v. Hanna, 2007 WL 853480, *5-6 (W.D. Pa. Mar. 16, 2007) (Ambrose, C.J.) (citation omitted); Bynum v. MVM, Inc., 241 F.R.D. 52, 54 (D.D.C. Mar. 20, 2007) (treating physician may testify as fact witness "solely [regarding] information learned from his actual treatment, examination, or analysis of" plaintiff, but not regarding plaintiff's "current condition, prognosis, causation or permanency, [or] any other such forward-looking speculation," "conclusion[s] reached with the benefit of hindsight," and/or opinions formed "after the underlying events that gave rise to [the] lawsuit"); Mansoor v. M/V ZAANDAM, 2006 WL 2222332, *2 (W.D. Wash. Aug. 2, 2006) (as fact witnesses, treating physicians "may testify [only] regarding what they actually observed and what treatment they provided").

In the absence of contrary binding authority, the undersigned finds it appropriate to defer to Chief Judge Ambrose's opinion on the matter. Following the third line of cases is even more appropriate here, given: (a) the Plaintiff's concession that Dr. Yang is being offered only as a fact witness;

-4-

(b) the Plaintiff's failure to identify the physician under Federal Rule 26(a)(2)(A) as a witness potentially offering expert opinion(s); and (c) the Defendant's implicit agreement to waive any objections regarding the late identification of Dr. Yang so long as his deposition is narrowly restricted to the types of factual inquiries contemplated in Frederick, Bynum, and Mansoor. *See generally* discussions *supra*.[2]

A final matter is the Defendant's challenge regarding the relevancy of Dr. Yang's testimony. See Def.'s Opp'n Br. at 4-5. As counsel notes, the Plaintiff proceeds only on the theory that the Defendant perceived her as being disabled under the Americans With Disabilities Act; she does not allege actual disability. *See id.* Counsel aptly states:

> Dr. Yang's medical records [have been] produced . . . ., [and a] strictly factual deposition of Dr. Yang would elicit no evidence that is not already [in the record] . . . . Dr. Yang's factual deposition simply is not needed[, and t]he only [apparent] benefit to [the] Plaintiff in deposing [him] is to attempt to elicit improper expert opinion testimony . . . .

*Id.* at 5.

---

[2] The court also notes that, to the extent Dr. Yang has purported to offer opinions regarding the Plaintiff's capacity to work, this would appear close to the line regarding the scope of his expertise. *Cf., e.g.*, Griffith v. Northeast Illinois Regional Commuter R.R., 233 F.R.D. 513, 518 (N.D. Ill. 2006) (striking treating physician's opinions because they "relie[d] on information not part of [his] personal knowledge or professional training," as demonstrated by his reliance on "information about the [plaintiff's] work duties [as] a car-man").

The undersigned is inclined to agree that Dr. Yang's testimony will be of limited probative value, at best. Given the liberal standards governing discovery, however, the court will not deny the Plaintiff's request for a deposition on relevancy grounds. Counsel is reminded, though, that the Defendant's cooperation in this matter, as well as the court's acquiescence, is conditioned upon the clear understanding that Dr. Yang's testimony will be strictly limited to the factual inquiries contemplated above, and any attempts to go further will be met with firm disapproval.

The court also agrees with the Defendant that Dr. Yang's deposition should not be allowed to unduly delay this litigation. At the conference scheduled for November 29, 2007, the parties should be prepared to discuss the prompt taking of Dr. Yang's deposition, and no additional discovery will be permitted. Also at the conference, the court will set deadlines for the filing of summary judgment motions and responses, and these deadlines will not be substantially extended to accommodate Dr. Yang's deposition.

Consistent with the foregoing, the Defendant's Motion to strike the report of Dr. Yang (**Doc. 22**) is **GRANTED**, and the Plaintiff's Motion to take Dr. Yang's deposition (**Doc. 24**) is **GRANTED** as described above.

THESE THINGS ARE SO ORDERED.


November 27, 2007                                          /s/ Francis X. Caiazza
                                                           Francis X. Caiazza
                                                           U.S. Magistrate Judge


cc (via email):

Neal A. Sanders, Esq.
Dirk D. Beuth, Esq.
David J. Kolesar, Esq.